JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Freeman,<br><br>    Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Defendants. | No.   CV 22-01373-PHX-JAT (MHB)<br><br>**ORDER** |

On August 15, 2022, Plaintiff Benjamin Freeman, who is confined in the Arizona State Prison Complex-Yuma, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a September 2, 2022 Order, the Court denied the Application to Proceed and dismissed the Complaint and this action without prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes and did not show that he was in imminent danger of serious physical injury. Judgment was entered the same day.

On September 12, 2022, Plaintiff filed a Motion for Emergency Interdiction (Doc. 7), and on September 16, 2022, he filed a Motion for Reconsideration of the September 2, 2022 Order dismissing this case.

In his Motion for Reconsideration, Plaintiff asserts that he did not receive the Court's September 2, 2022 Order until September 10, 2022. Plaintiff states that on September 8, 2022,[1] he filed his Motion for Emergency Interdiction regarding death threats

---

[1] Plaintiff signed the Motion on September 8, 2022, and it was docketed on

allegedly made against him by Defendant Dangerfield. Plaintiff contends the Motion demonstrates that Defendant Dangerfield's failure to accommodate Plaintiff's disabilities and threats upon his life are "continuing harm violations." Plaintiff asks the Court to grant his Motion for Emergency Interdiction, and, presumably, reopen this case.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

As the Court explained in the September 2, 2022 Order, because Plaintiff has three strikes, he needed to demonstrate that *at the time he filed the Complaint*, he was in imminent danger of serious physical harm. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). In the Complaint, Plaintiff did not allege that Defendant Dangerfield had threatened Plaintiff's life; instead, Plaintiff alleged that his flatulence, caused by celiac disease, "causes fecal matter to go beyond stinky to smell egregiously bad," and when

---

September 12, 2022.

1  coupled with extreme uncontrollable flatulence "causes farts to flow perfusely [sic]
2  throughout" the dormitories. Plaintiff alleged that his condition has resulted in being spat
3  in his face by "racist inmates," disinfectant sprayed in his face, and hate crimes due to his
4  disabilities "with ridicule, scorn, mockery, humiliation, [and] mental abuse" by prisoners
5  and staff. The Court did not err in determining that Plaintiff did not allege facts in the
6  Complaint that showed he was in imminent danger of serious physical harm, and Plaintiff
7  may not retroactively allege imminent danger.

8  The Court notes that the dismissal of this case was without prejudice; thus, Plaintiff
9  may reassert his claims by prepaying the filing and administrative fees and filing a new
10 complaint in a new case.

11 The Court has reviewed the Complaint, the September 2, 2022 Order, and Plaintiff's
12 Motion for Reconsideration. The Court finds no basis to reconsider its decision. Thus, the
13 Court will deny Plaintiff's Motion for Reconsideration and will deny as moot his Motion
14 for Emergency Interdiction.

15 **IT IS ORDERED:**

16 (1) Plaintiff's Motion for Emergency Interdiction (Doc. 7) and Motion for
17 Reconsideration (Doc. 8) are **denied**.

18 (2) This case must remain **closed**.

19 Dated this 27th day of September, 2022.

James A. Teilborg
Senior United States District Judge

- 3 -